BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  cbrancart@brancart.com
  Liza Cristol-Deman(SBN 190516)
  lcristoldeman@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF ORANGE COUNTY, INC. and ARLENE LEWIS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SAM CHANG and NINA CHANG, as co-trustees of CHANG FAMILY TRUST and SUSAN HUNG,<br><br>    Defendants. | Case No. SACV 10-01079-CJC (RNBx)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE RE PLAINTIFF'S UNRELATED FAIR HOUSING COMPLAINTS<br><br>Hearing:<br>Date:    October 3, 2011<br>Time:    3:30 p.m.<br>Room:  Courtroom of the<br>           Hon. Cormac J. Carney<br><br>*Discovery Cutoff:* July 1, 2011<br><br>*Pretrial Conference:* October 3, 2011<br><br>*Trial:* October 11, 2011 |

## I. INTRODUCTION

By this motion, plaintiffs seek issuance of an order to exclude any argument or evidence that plaintiff Arlene Lewis made complaints about landlords other than defendants in the course of her search for housing and that she was told that the investigation of those unrelated complaints was inconclusive. Plaintiffs anticipate that defendants will seek to elicit this evidence at trial and argue that it undermines Ms. Lewis' claim of discrimination by defendants and renders her emotional distress damages speculative.

This subject is irrelevant to the issue to be tried in this action, which is whether defendants committed discriminatory housing practices that injured Ms. Lewis. Any evidence on the subject of Ms. Lewis' other complaints is not likely to make the existence of any factor of consequence to the outcome of the jury's deliberation "more probable or less probable" than it would be without the evidence. Fed. R. Evid. 401-2. Moreover, this is really nothing more than character evidence, which is clearly barred by operation of Fed. R. Evid. 404(a). Finally, allowing the presentation of evidence regarding unrelated landlords is likely to mislead or confuse the jury, and its relevance is therefore substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

## II. BACKGROUND

Ms. Lewis claims that in the course of her search for housing for herself and her adult disabled son, she contacted defendant Susan Hung, owner and manager of the subject properties in this action. Ms. Hung asked Ms. Lewis about her son's disability and told by Ms. Lewis that she would not show a vacancy for rent or rent to her because of her son's disability.

Ms. Lewis alleges that in 2009 she decided to relocate with her son to Orange County from her home in Los Angeles, where she had rented from the same landlord for twenty years. Ms. Lewis and her son are African American and her son, Tobby, is a mentally disabled adult. She commenced her housing search in Summer 2009, and contacted Ms. Hung in November 2009. When Ms. Hung learned that Ms. Lewis' son was a mentally disabled adult, Ms. Hung said words to the effect: "Oh, no, we don't want those kind of people here. They cause too much trouble. . . . [H]e'll be scaring the neighbors. The police will be coming. He'll be walking around." When Ms. Lewis protested, Ms. Hung said she would speak with her husband and call back. When she called Ms. Lewis back, Ms. Hung said that she and her husband had decided not to rent to Ms. Lewis "because we don't want retarded people here."

1 | Following her contact with Ms. Hung, Ms. Lewis complained to the Fair
2 | Housing Council of Orange County (FHCOC), which investigated the complaint,
3 | which led to this action.  Ms. Lewis continued her search for permanent housing,
4 | which she located and rented in February 2010.
5 |     FHCOC investigated Ms. Lewis' complaint against Ms. Hung using fair
6 | housing testers.  One tester, posing as a single mother with an adult disabled son,
7 | contacted Norman Hung, defendant Susan Hung's husband, agent, an co-owner of
8 | the subject property, who showed her one vacant unit for rent.  During that visit,
9 | the tester told Mr. Hung that she had a mentally disabled son and he responded by
10 | making a series of inquires and statements regarding the nature and severity of the
11 | disability. (Deposition of Dawna Rostagno at 57:8-60:7; 71:22-72:15 ["[H]ow is
12 | he retarded?"; "Is he okay physically"; "So is your son like 21 years old, but acts
13 | 10 or 15?"; "He wouldn't talk to the girls or anything?"; "So he can physically
14 | walk the upstairs?  Is he big?".)  Mr. Hung told the tester about a previous resident
15 | who had a mentally disabled son who had caused problems at the complex by
16 | bothering girls, causing the police to be called, and making other tenants
17 | uncomfortable, and asked the tester whether her son was "like that." (Rostagno
18 | Depo. at 60:8-62:6.)  Mr. Hung did not offer to show the tester another unit that
19 | was available at that time. (Rostagno Depo. at 72:20-74:2.)  When the second fair
20 | housing tester posing as a person without a disabled son met with Susan Hung
21 | later that day, Ms. Hung showed her two available units at the Artesia property.
22 | (Deposition of Sarah Goldstein, at 23:19-24; 27:14-20.)
23 |     In deposition, Ms. Lewis testified that during her search, she encountered
24 | difficulties in finding suitable housing, and on one occasion before contacting Ms.
25 | Hung, suspected that she may have been discriminated against by another,
26 | unrelated landlord.  Ms. Lewis lodged a telephone complaint about the unrelated
27 | discrimination with a fair housing agency in Long Beach.  She testified that she
28 | was told that the investigation of this unrelated landlord was inconclusive.  Ms.

1 Lewis also testified that after contacting Ms. Hung, she made a telephone
2 complaint to the Long Beach agency about discrimination by a hotel operator, a
3 complaint that she was told was inconclusive.

### III. LEGAL QUESTIONS TO BE DECIDED BY THE JURY

At trial, the jury must decide two questions.

<u>First</u>, did defendants or their agents commit any one of the following discriminatory housing practices:

- Refusing to rent or negotiate for the rental of a dwelling because of disability of a person intending to reside in that dwelling, 42 U.S.C. § 3604(f); Cal. Govt. Code § 12955(a) & (k);
- Inquiring into the existence, nature or severity of a disability of a person intending to reside in that dwelling, 42 U.S.C. § 3604(f); 24 C.F.R. § 100.202(c); Cal. Govt. Code § 12955(b);
- Making statements that indicate a preference, limitation or discrimination on the basis of disability in connection with the rental of a dwelling, 42 U.S.C. § 3604(c); Cal. Govt. Code § 12955(c);
- Refusing to show or limiting information, by word or conduct, regarding suitably priced dwellings for inspection or rental because of disability, 42 U.S.C. § 3604(d); 24 C.F.R. § 100.80; Cal. Govt. Code § 12955.6;
- Discouraging persons with disabilities or persons associated with persons with disabilities from renting a dwelling, 42 U.S.C. § 3604(f); 24 C.F.R. § 100.65-70; Cal. Govt. Code §§ 12927, 12955(a) & (k), 12955.6; and,
- Refusing to process or discouraging applications for rental of a dwelling because of disability, 42 U.S.C. § 3604(f); 24 C.F.R. § 100.70; Cal. Govt. Code §§ 12927, 12955(a) & (k), 12955.6.

<u>Second</u>, was Ms. Lewis injured by the commission of any of those discriminatory housing practices? Ms. Lewis alleges that she was injured in three respects:

1     •     Her civil rights were violated;

2     •     She was denied housing, causing her to continue her housing search, to remain in a hotel as temporary housing and to ultimately rent more expensive, alternative housing; and,

5     •     She suffered emotional distress as a result of defendants' conduct; specifically, she testified to suffering from upset, depression, anxiety, and intrusive thoughts about defendants' treatment of her, which have manifested in physical symptoms, including headaches, stomach aches, disorientation, and dizziness.

## IV. ARGUMENT

**A.     Evidence of other complaints by plaintiff Arlene Lewis against other landlords and that she was told that those complaints were inconclusive is irrelevant to the issued to be decided in this action.**

This evidence and related argument should be excluded for five reasons.

<u>First</u>, it is irrelevant to liability. The fact that Ms. Lewis lodged complaints against unrelated landlords during her housing search is irrelevant to any issue to be decided in this action. The sole liability question here is whether defendants or their agents committed discriminatory housing practices. Evidence or argument that Ms. Lewis suspected that other landlords may have done the same is irrelevant to the question the jury must answer about defendants and their agents' conduct. Fed. R. Evid. 401-402.

<u>Second</u>, evidence of other, unrelated complaints will prejudice plaintiffs and confuse or mislead the jury. It will divert the attention of the jury from the issue to be decided – whether defendants committed discriminatory housing practices. If raised, then the other complaints will need to be examined to determine their nature, basis, and the quality of the investigation, confusing the jury and misleading them as to issues to be decided.

<u>Third</u>, this evidence has the purpose or effect of improper character

evidence. It implies that Ms. Lewis' character is flawed in that she complains about discrimination and that those complaints are deemed inconclusive. Fed. R. Evid. 404(a). It invites the improper argument that Ms. Lewis' unrelated complaints were inconclusive, and therefore her complaint regarding defendants is less credible.

Fourth, evidence that Ms. Lewis was told by someone that the unrelated complaints were inconclusive is hearsay. Fed. R. Evid. 802. In deposition, Ms. Lewis explained that she made telephone complaints to a Long Beach fair housing agency and that she was later told that those investigations were inconclusive. This statement is hearsay, if offered for the truth, and it serves no nonhearsay purpose relevant to the issues in this case.

Fifth, evidence of the unrelated complaints is irrelevant to Ms. Lewis' and FHCOC's claim for damages. Ms. Lewis' complaints about unrelated landlords to an unrelated fair housing agency have no bearing on FHCOC's investigation or damages. As for Ms. Lewis, the fact that she suspects that other landlords may have discriminated against her does not diminish her claim for damages as a result of the conduct of defendants or their agents. Evidence of other stress factors in Ms. Lewis' life, including the suspicion that other landlords may have discriminated against her, is irrelevant to whether defendants or their agents caused Ms. Lewis' injury as a result of their own conduct. Similarly, it is irrelevant to the issue of the extent or amount of her damages. The argument that the jury must somehow apportion emotional distress amongst various bad landlords invites confusion and diverts their attention for the issue at hand:  Did defendants or their agents injure Ms. Lewis. It is just as likely that prior discrimination made Ms. Lewis more susceptible to injury from discrimination as not. See, e.g., Turic v. Holland Hospitality, Inc. (8th Cir. 1996) 85 F.3d 1211, 1215 ("The fact that the complaining party may be unusually emotionally sensitive and incur great emotional harm from discriminatory conduct will not absolve the

respondent from responsibility for the greater emotional harm.") In either case – lesser harm versus greater harm – the effect is the same: The jury's attention is diverted from the issues to be decided. Thus, even if this evidence had some minor relevance to the issues to be decided, there is such a great risk of jury confusion that the Court should nonetheless exclude all testimony on the subject. By allowing defendants to present evidence of unrelated complaints and their outcomes in defense of the issue whether defendants or their agents committed discriminatory housing practices, there arises a substantial risk of unfair prejudice and jury confusion. Fed. R. Evid. 403.

Dated: September 2, 2011.

                Respectfully submitted,

                BRANCART & BRANCART

                /s/Christopher Brancart
                Christopher Brancart
                Attorneys for Plaintiffs

1  S:\Disabled\Lewis\pleadings\Limine\To be filed\mpa - limine 1 - other cpts by lewis (final).wpd
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28