Lawrence C. Ecoff, Esq. (SBN 143814)
Philip H.R. Nevinny, Esq. (SBN 150506)
ECOFF BLUT, LLP
280 South Beverly Drive, Suite 504
Beverly Hills, CA 90212
Telephone: (310) 887-1850
Facsimile: (310) 887-1855
ecoff@ecofflaw.com

Attorneys for Defendant
SUSAN HUNG

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF ORANGE COUNTY, INC, and ARLENE LEWIS,<br><br>           Plaintiffs,<br><br>vs.<br><br>SAM CHANG, etc., et al.,<br><br>           Defendants. | Case No. SACV10-01079 CJC (RNBx)<br><br>**DECLARATION OF NORMAN HUNG IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**Date:** October 3, 2011<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom of the Hon. Cormac J. Carney<br><br>Discovery Cutoff: July 1, 2011<br>Pretrial Conference: October 3, 2011<br>Trial: October 11, 2011 |

## DECLARATION OF NORMAN HUNG

I, NORMAN HUNG, declare:

1. I am the husband of Susan Hung, Defendant in the above-entitled matter. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to those facts. This declaration is submitted in support of Defendant's Motion for Summary Judgment

or in the Alternative, Partial Summary Judgment.

2. I sometimes assist with the maintenance at a 14 unit apartment building commonly known as 8142 Artesia Boulevard, Buena Park, California 90621 (the "Artesia Property"), and a 17 unit apartment building commonly known as 8021 4th Street, Buena Park, California 90621 (the "4th Street Property").

3. During the last ten years, my wife has rented to a family with a mentally disabled child at the 4th Street Property. Currently, she rents Unit #101 at the 4th Street Property to another family with a severely mentally disabled child.

4. I am familiar with the claims of Plaintiff Fair Housing Council of Orange County, Inc. in this case. In January, 2010, I recall having shown Unit #2, on the Second Floor of the Artesia Property, to a woman identifying herself as a prospective tenant. This meeting had been arranged by my wife with the prospective tenant, whom I then met at the property.

5. At the time that I showed Unit #2 at the Artesia Property to the prospective tenant, she informed me that her son was disabled. I asked if her son was physically handicapped, as the available unit was on the Second Floor, and I was concerned about her son's ability to physically access the unit. She informed me that her son was mentally disabled. I do not recall having any further conversation with this prospective tenant about her son's disability, or about any other disabled tenant at the property, and I do not believe I had such a conversation. It is not my custom or practice to have detailed conversations about such matters with prospective tenants, whom I provide general information regarding the units and their rental.

6. I then continued to show the prospective tenant the apartment, and informed her about the monthly rent, general matters such as payment of trash and water fees by the landlord, and, the availability of parking in the garage, which I also showed her.

7. While I was showing the prospective tenant the apartment, she asked

**DECLARATION OF NORMAN HUNG IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

me for an Application, and I informed her that I believed I had one in my car. I therefore quickly walked downstairs to my car to retrieve the Application, which I found there. I then handed the woman the Application, pointing out that my wife's telephone number was on it, and instructing her to fill out the requested information.

8. I also offered to show the prospective tenant another available apartment unit at the 4th Street Property. The woman, however, declined to let me show her the other apartment, because she told me she had to leave to visit another property.

9. It is not my wife's custom or practice to consult with me regarding renting to prospective tenants.

10. I have never discriminated against any prospective tenant, including any representative of the Fair Housing Council of Orange County, Inc., on the basis of disability, source of income, or race.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2011 at Fullerton, California.

NORMAN HUNG

3

DECLARATION OF NORMAN HUNG IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT